IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-01208-RM-BNB

RON HEDGE,

Plaintiff,

v.

DYNAMIC RECOVERY SERVICES, INC.,

Defendant.
_____

# RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter arises on the **Plaintiff's Motion for Default Judgment** [Doc. # 12, filed 5/14/2013] (the "Motion for Default Judgment").  I respectfully RECOMMEND that the Motion for Default Judgment be GRANTED and that judgment enter in favor of the plaintiff and against the defendant in the amount of $3,251.50.

## I.  LEGAL STANDARD

The entry of a default judgment is controlled by Fed. R. Civ. P. 55(b), which provides in relevant part:

> **(b) Entering a Default Judgment.**
> **(2) *By the Court*.**  In all other cases [not subject to subpart (b)(1)], the party must apply to the court for a default judgment.  A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared.  If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing.  The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:

> **(A)** conduct an accounting;
> **(B)** determine the amount of damages;
> **(C)** establish the truth of any allegations by evidence; or
> **(D)** investigate any other matter.

Rule 55(a), Fed. R. Civ. P., allows a default against a party when that party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise. . . ." A trial court is vested with broad discretion in deciding whether to enter a default judgment. Grandbouche v. Clancy, 852 F.2d 1463, 1468 (10th Cir. 1987).

"After an entry of default, a defendant cannot defend a claim on the merits." Olcott v. Delaware Flood Co., 327 F.3d 1115, 1125 n.11 (10th Cir. 2003). In addition:

> Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law. . . . Once the court determines that a judgment by default should be entered, it will determine the amount and character of the recovery that should be awarded.

10A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2688 at p. 63.

## II. FINDINGS AND CONCLUSIONS

I find and conclude as follows:

1. This action was commenced by the filing of a Complaint [Doc. # 1, filed 5/9/2012] alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), the Colorado Fair Debt Collection Practices Act ("Colo FDCPA"), and state law torts . Jurisdiction exists pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

2. Service of process was perfected against the defendant on June 19, 2012, by serving a Summons and a copy of the Complaint on Loretta Chambers, a person designated by law to accept service of process on behalf of the defendant. Proof of Service [Doc. # 6] at p. 2.

3. The defendant failed to answer or otherwise respond to the Complaint within the time allowed, and it has never answered or otherwise responded. Consequently, the Clerk of the Court entered a default against the defendant pursuant to Fed. R. Civ. P. 55(a) on July 12, 2012. Clerk's Entry of Default [Doc. # 9].

4. The defendant is a debt collection company with a corporate headquarters in Farmers Branch, Texas. Complaint [Doc. # 1] at ¶7. It is not an infant, incompetent person, officer or agency of the United States or the State of Colorado, or in the military service.

5. The Complaint alleges, and it is now undisputed, that in connection with its attempts to collect a consumer debt the defendant stated to third parties that the plaintiff owed a debt; engaged in conduct the natural consequence of which was to harass, oppress, or abuse the plaintiff; engaged a person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass; threatened legal action against the plaintiff that it lacked the intent to take and made other false, deceptive, or misleading representations to the plaintiff; engaged in unfair or unconscionable means to collect or attempt to collect a debt; and discussed the plaintiff's alleged debt with third parties. These actions violated of the FDCPA.

6. The Complaint also alleges violations of the Colo FDCPA. The alleged violations all mirror conduct which also violated the FDCPA.

7. Although the plaintiff also asserted state law tort claims, he seeks default judgment only in connection with his FDCPA and Colo FDCPA claims. Motion for Default Judgment [Doc. # 12] at ¶12.

III.  ANALYSIS

I find that the plaintiff has established that the defendant violated various provisions of the FDCPA and the Colo FDCPA.  I turn now to the issue of damages.

The FDCPA provides for statutory damages in an amount "as the court may allow, but not exceeding $1,000."  15 U.S.C. § 1692k(a)(2)(A).  The statutory limit is "per proceeding."  Peterson-Hooks v. First Integral Recovery, LLC, 2013 WL 2295449 *4 (D. Colo. May 24, 2013).  "All that is required for an award of statutory damages is proof that the statute was violated, although a court must then exercise its discretion to determine how much to award, up to the $1,000.00 ceiling."  Id. (internal quotation and citations omitted).  The amount of the award is informed by the "frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional."  Id. (internal quotation and citation omitted).

In this case, the undisputed allegations establish that the violations were frequent, persistent, particularly offensive, and intentional.  The plaintiff is entitled to an award of the full $1,000 in statutory damages allowed under the statute.

Although the plaintiff also seeks to recover damages under the Colo FDCPA, the Colorado statute prohibits double recovery "for violations of 'like provision[s]' under the FDCPA."  Id. (citing § 12-14-113(6), C.R.S.).[1]  Here, each violation of the Colo FDCPA mirrors

---

[1]Section 12-14-113(6), C.R.S., provides that "[t]he policy of this state is not to award double damages under this article and the federal 'Fair Debt Collection Practices Act. . . .'  No damages under this section shall be recovered if damages are recovered for a like provision of said federal act."

Plaintiff's counsel improperly failed to cite this controlling authority in the Motion for Default Judgment, in an apparent attempt to mislead the court into awarding double damages

a like provision of the FDCPA for which the plaintiff already has been awarded damages. Consequently, the plaintiff is not entitled to any additional recovery under the Colo FDCPA.

The FDCPA also provides that a successful plaintiff may recover "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). In calculating a reasonable attorneys fee, I apply the lodestar principles stated in Robinson v. City of Edmond, 160 F.3d 1275, 1281 (10th Cir. 1998). "The lodestar calculation is the product of the number of attorney hours reasonably expended and a reasonably hourly rate." Id.(internal quotations and citation omitted).

The first step in calculating a fee award is to determine the number of hours reasonably spent by counsel for the party seeking the fees. The burden of proof lies with the prevailing party seeking fees. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). However, as the Supreme Court instructed in Fox v. Vice, 131 S. Ct. 2205, 2216 (2011), "trial courts need not, and indeed should not become green-eyeshade accountants" when determining a fee application. "The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." Id.

The plaintiff's attorneys have itemized the tasks performed and the time required for those tasks. The itemization reflects a total of 23.6 hours of time expended on this case. The amount of time claimed is patently unreasonable in view of the fact that the defendant defaulted. Consequently, I carefully reviewed the time itemization, and I find that not more than 9.1 hours of time were reasonably and necessarily expended on behalf of the plaintiff.

---

precisely as the statute prohibits.

The plaintiff claims attorney fees at rates ranging from $200 to $325 per hour. Specifically, Craig Kimmel is a partner in Kimmel & Silverman, P.C., with more than 20 years experience in the field of consumer protection litigation. He bills at $325 per hour. Amy Bennecoff and Angela Troccoli are senior attorneys at Kimmel & Silverman with eight and eleven years of experience, respectively, and substantial experience in consumer protection litigation. They bill at $250 per hour. Jacob Ginsburg was a first year attorney at Kimmel & Silverman at the time he worked on this case. His time was billed at $200 per hour. Finally, Pete Keltz is a paralegal at Kimmel & Silverman, and his time was billed at $80 per hour.

The plaintiff bears the burden of establishing that the rates are reasonable. Guides, Ltd. v. Yarmouth Group Property Mgmt., Inc., 295 F.3d 1065, 1078 (10th Cir. 2002). "A reasonable rate is the prevailing market rate in the relevant community." Id. A trial court may use its own knowledge in determining a reasonable rate. Id. at 1079. See Praseuth v. Rubbermaid, Inc., 406 F.3d 1245, 1259 (10th Cir. 2005)(approving the district court's determination of the applicable hourly rate by "relying on its knowledge of rates of lawyers with comparable skill and experience" practicing in the relevant market). I find that the rates charged here are reasonable in view of the training and experience of the various lawyers and paralegal involved and in view of the nature of the case.

Applying the hourly rates to the hours allowed results in a fee award of $1,826.50, which I find to be a reasonable and appropriate award under the facts of this case.

The plaintiff also claims costs in the amount of $425, composed of $350 for the filing fee and $75 for service of process.

The plaintiff claims attorney fees at rates ranging from $200 to $325 per hour. Specifically, Craig Kimmel is a partner in Kimmel & Silverman, P.C., with more than 20 years experience in the field of consumer protection litigation. He bills at $325 per hour. Amy Bennecoff and Angela Troccoli are senior attorneys at Kimmel & Silverman with eight and eleven years of experience, respectively, and substantial experience in consumer protection litigation. They bill at $250 per hour. Jacob Ginsburg was a first year attorney at Kimmel & Silverman at the time he worked on this case. His time was billed at $200 per hour. Finally, Pete Keltz is a paralegal at Kimmel & Silverman, and his time was billed at $80 per hour.

The plaintiff bears the burden of establishing that the rates are reasonable. Guides, Ltd. v. Yarmouth Group Property Mgmt., Inc., 295 F.3d 1065, 1078 (10th Cir. 2002). "A reasonable rate is the prevailing market rate in the relevant community." Id. A trial court may use its own knowledge in determining a reasonable rate. Id. at 1079. See Praseuth v. Rubbermaid, Inc., 406 F.3d 1245, 1259 (10th Cir. 2005)(approving the district court's determination of the applicable hourly rate by "relying on its knowledge of rates of lawyers with comparable skill and experience" practicing in the relevant market). I find that the rates charged here are reasonable in view of the training and experience of the various lawyers and paralegal involved and in view of the nature of the case.

Applying the hourly rates to the hours allowed results in a fee award of $1,826.50, which I find to be a reasonable and appropriate award under the facts of this case.

The plaintiff also claims costs in the amount of $425, composed of $350 for the filing fee and $75 for service of process.

## IV. RECOMMENDATION

I respectfully RECOMMEND that the Motion for Default Judgment [Doc. # 12] be GRANTED and that judgment enter in favor of the plaintiff and against the defendant as follows:

(a) For statutory damages in the amount of $1,000.00;

(b) For attorneys fees in the amount of $1,826.50; and

(c) For costs in the amount of $425.00.[2]

Dated June 14, 2013.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[2]Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).