**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Civil Action No. 12-cv-01208-RM-BNB

RON HEDGE

    Plaintiff,

v.

DYNAMIC RECOVERY SERVICES, INC.

    Defendant.

---

**ORDER ADOPTING RECOMMENDATION OF MAGISTRATE JUDGE,**
**AND GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

---

This matter is before the Court on the June 14, 2013 Recommendation of United States Magistrate Judge Boyd N. Boland (the "Recommendation") (ECF No. 18) that Plaintiff's Motion for Default Judgment (ECF No. 12) be granted. The Recommendation advised the parties that specific written objections were due within fourteen days after being served with a copy of the Recommendation. (ECF No. 18, p.7, n.2.) Despite this advisement, no objections to the Magistrate Judge's Recommendation have to date been filed. This Court has reviewed the recommendation under the applicable *de novo* standard of Fed.R.Civ.P. 72(b).

Default judgment may enter against a party who fails to appear or otherwise defend a lawsuit. Fed. R. Civ. P. 55. "[D]efault judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection."

*In re Rains*, 946 F.2d 731, 732-33 (10th Cir.1991) (internal quotation marks and citation omitted). Further, "a party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the sound judicial discretion of the court." *Greenwich Ins. Co. v. Daniel Law Firm*, No. 07-cv-2445, n, at *2 (D. Colo. Mar. 22, 2008) (internal quotation marks and citation omitted).

Plaintiff filed the instant case by filing a lawsuit on May 9, 2012, alleging violations of the Fair Debt Collection Practices Act (the "FDCPA"), the Colorado Fair Debt Collection Practices Act (the "Colorado Act"), and state law torts. The defendant is a debt collection agency with a corporate headquarters in Texas. The defendant was served on June 19, 2012 with a summons and a copy of the complaint. (ECF No. 6 at 2.) The complaint alleges that in connection with attempts to collect a consumer debt, the defendant violated the FDCPA and related laws by, among other things, stating to third parties that the plaintiff owed a debt, and engaging in conduct the natural consequence of which is to harass, oppress, or abuse in connection with the collection of a debt. (ECF No. 1.)

The defendant failed to answer or otherwise respond to the complaint by the deadline, and to date no response of any kind has been filed. The plaintiff seeks default judgment only in connection with his FDCPA and the Colorado Act. The Clerk of the Court entered a default against the defendant pursuant to Fed. R. Civ. P. 55(a) on July 12, 2012. (ECF No. 9.)

Having reviewed the entirety of the record *de novo*, the Court agrees with the Magistrate Judge that default judgment is suitable. The plaintiff established in the complaint that the defendant violated the FDCPA and Colorado Act, and the damages that were recommended are

both statutorily authorized and appropriate. Accordingly, in accordance with the foregoing, the Court ORDERS as follows:

(1) The Magistrate Judge's Recommendation (ECF No. 18) is ADOPTED in its entirety;

(2) Plaintiff's Motion for Default Judgment (ECF No. 12) is GRANTED;

(3) Judgment in favor of the Plaintiff shall enter simultaneously with this Order for statutory damages in the amount of $1,000.00; attorneys fees in the amount of $1826.50; and for costs in the amount of $425.00.

DATED this 14th day of March, 2014.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge